Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| WILLIAM GARCÍA SÁNCHEZ<br><br>Peticionario<br><br>v.<br><br>DOLORES SERVICES STATION AND AUTO PARTS, INC.<br>H/N/C ECOMAXX<br><br>Recurrido | KLCE202301380 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Río Grande<br><br>Caso Núm.:<br>RG2023CV00051<br><br>Sobre: Ley Núm. 2 del 17 de octubre de 1961 y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Comparece ante nos, el *Sr. William García Sánchez* (García Sánchez – peticionario) mediante el auto de *certiorari* de epígrafe. Solicita que revisemos la *Orden* emitida y notificada el 6 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Río Grande (TPI). Mediante la referida orden, el TPI no autorizó la suspensión de la deposición del peticionario pautada para el 8 de diciembre de 2023 de manera presencial.

Junto con la presentación del recurso, el peticionario instó una *MOCIÓN SOLICITANDO AUXILIO DE JURISDICCIÓN*. La cual declaramos *No Ha Lugar* en esta *Resolución*.

Evaluado el recurso presentado, resolvemos **denegar** el auto solicitado.

**-I-**

Según los *autos* ante nuestra consideración que, el **2 de febrero de 2023**, el señor García Sánchez instó una acción contra *Dolores Service Station and Auto Parts Inc. h/n/c Ecomax* (recurrido

Número Identificador
RES2023_____

o Ecomax).[1] Entre otras cosas, alegó represalias, discrimen, daños y perjuicios. El **13 de febrero de 2023**, el recurrido sometió su contestación.[2]

Ante la ocurrencia de nuevos hechos entre las partes, el señor García Sánchez enmendó la acción instada.[3] Por lo que, Ecomax contestó la querella enmendada el **12 de abril de 2023**.[4]

Varios incidentes procesales después, ambas partes se notificaron citaciones para llevar a cabo descubrimiento de prueba. Ante los planteamientos del señor García Sánchez, de no poder participar en una deposición ante la presencia de su ex–patrono, solicitó una orden protectora con respecto a ello.[5] En la alternativa, solicitó que la deposición se realizará de manera escrita, o se sustituyera la por un interrogatorio escrito. El **7 de agosto de 2023**,[6] el TPI determinó *"NADA QUE PROVEER EN ESTE MOMENTO"*.[7]

Luego de varios trámites referentes a la deposición del señor García Sánchez, el **27 de noviembre de 2023** Ecomax presentó una *MOCIÓN SOLICITANDO ORDEN PROTECTORA Y/O MEDIDAS CAUTELARES PARA LA TOMA DE LA DEPOSICIÓN DEL QUERELLANTE Y OTRO EXTREMOS*.[8] Entre otras cosas, solicitó que ordenara al peticionario informar si va a comparecer a la deposición pautada, y si consultó con un facultativo médico la orden del Tribunal con relación a los medicamentos. En la misma fecha, el peticionario replicó.[9] El foro primario declaró *Ha Lugar* la solicitud de la parte recurrida.[10]

---

[1] Anejo 2 del Peticionario, págs. 2 – 7.
[2] Anejo 3 del Peticionario, págs. 8 – 15.
[3] Anejo 4 del Peticionario, págs. 16 – 27.
[4] Anejo 5 del Peticionario, págs. 28 – 50.
[5] Anejo 6 del Peticionario, págs. 51 – 57.
[6] Notificada el 8 de agosto de 2023.
[7] Anejo 7 del Peticionario, pág. 58.
[8] Anejo 23 del Peticionario, págs. 163 – 168.
[9] Anejo 24 del Peticionario, págs. 169 – 184.
[10] Anejo 28 del Peticionario, pág. 194.

El **30 de noviembre de 2023**, Ecomax sometió una *Moción Informativa* notificado la cancelación de la deposición del señor García Sánchez, ya que el peticionario no confirmó su comparecencia a la deposición para el día pautado.[11]

Mediante *Orden* emitida y notificada el **6 de diciembre de 2023**,[12] el foro primario dispuso lo siguiente:

*ENTERADO. NO OBSTANTE,* ***NO SE AUTORIZA LA SUSPENSIÓN DE LA DEPOSICIÓN DEL 8 DE DICIEMBRE DE 2023 Y SE ESTABLECE EL 13 DE DICIEMBRE DE 2023 COMO FECHA ADICIONAL EN CASO DE CONTINUACIÓN.*** *LA PARTE DEMANDANTE DEBERÁ COMPARECER A LA DEPOSICIÓN, SO PENA DE SANCIONES ECONÓMICAS SEVERAS. NO PODRÁ TOMARSE ANTES DE LA DEPOSICIÓN, NINGUN MÉDICAMENTO QUE PUEDA CAUSARLE SUEÑO O AFECTE SU ESTADO MENTAL, A MENOS QUE TENGA UNA INDICACIÓN MÉDICA POR ESCRITO QUE DISPONGA EXPRESAMENTE QUE DEBE SER TOMADO EN HORAS DE LA MAÑANA. DEBERÁ LLEVAR EVIDENCIA DOCUMENTAL O FÍSICA DE LOS MEDICAMENTOS RECETADOS Y NO RECETADOS QUE SE ADMINISTRA. NO PODRÁ UTILIZAR MASCARILLA. CUALQUIER INCUMPLIMIENTO DEL DEMANDANTE, CONLLEVARA SANCIONES, INCLUYENDO LA DESESTIMACIÓN DE LA RECLAMACIÓN.*

*EL QUERELLANTE PERMITIRÁ QUE LA PARTE QUERELLADA PUEDA UTILIZAR UN EQUIPO ELECTRÓNICO QUE CONTENGA CÁMARA Y AUDIO PARA QUE SE GRABE LA DEPOSICIÓN.*

*EL QUERELLANTE LLEGARÁ DE FORMA PUNTUAL A LA DEPOSICIÓN. EN EL CURSO DE LA DEPOSICIÓN, SÓLO PODRÁN PRESENTARSE Y FUNDAMENTARSE AQUELLAS OBJECIONES QUE ESTÉN RELACIONADAS CON MATERIAS PROTEGIDAS POR ALGÚN PRIVILEGIO O AQUELLAS QUE SE ENTIENDAN RENUNCIADAS SI NO SE INTERPONEN.*

*LAS OTRAS OBJECIONES, SOLO SE ANOTARÁN EN EL RÉCORD Y LA CONTESTACIÓN SERÁ DADA SUJETO A LA OBJECIÓN. REGLA 27.7(B)(1) DE PROCEDIMIENTO CIVIL. TODA OBJECIÓN INTERPUESTA DURANTE EL CURSO DE LA DEPOSICIÓN SERÁ CONSIGNADA DE FORMA CLARA, SENCILLA Y SUCINTA. REGLA 27.7(B)(3).*

*LAS OBJECIONES DURANTE LA TOMA DE LA DEPOSICIÓN SERÁN ARTICULADAS, DE FORMA TAL QUE NO LE SUGIERA LA CONTESTACIÓN AL DEPONENTE. REGLA 27.7(B)(3).*

*LOS ABOGADOS NO INSTRUIRÁN AL DEPONENTE A QUE NO CONTESTE, SALVO PARA PRESERVAR UN PRIVILEGIO O PONER EN VIGOR UNA ORDEN DEL TRIBUNAL. REGLA 27.7(B)(4).*

*NINGÚN ABOGADO PODRÁ INTERRUMPIR UNA DEPOSICIÓN CON EL PROPÓSITO DE COMUNICARSE CON EL DEPONENTE.REGLA 27.7(B)(5) COMENZADA LA*

---

[11] Anejo 29 del Peticionario, págs. 195 – 198.
[12] Anejo 30 del Peticionario, págs. 199 – 200.

*DEPOSICIÓN, NINGÚN ABOGADO PODRÁ ORDENAR QUE SE DETENGA EL RÉCORD. REGLA 27.7(B)(5).[13]*

Inconforme, el **7 de diciembre de 2023**, el *Sr. William García Sánchez* recurrió ante este foro apelativo. Mediante el auto de *certiorari* señaló el siguiente error:

> **Cometió error el Tribunal de Primera Instancia al ordenar al Querellante someterse a una deposición presencial, esto a pesar de la necesidad urgente de una orden protectora a su favor.**

-II-

-A-

Sabido es que el auto de *certiorari* es *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior".*[14] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción".*[15]

Por su parte, la Regla 52.1 de Procedimiento Civil,[16] delimita las instancias en que habremos de atender y revisar vía *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[17]

---

[13] *Id.*

[14] *Mun. Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[15] *García v. Asociación,* 165 DPR 311, 321 (2005).

[16] 32 LPRA Ap. V, R. 52.1.

[17] *Id.*

Con el objetivo de que podamos ejercer de manera sabia nuestra facultad discrecional —de entender o no en los méritos del asunto esbozado en un *certiorari*— contamos con la Regla 40 del Reglamento del Tribunal de Apelaciones,[18] que establece los siguientes criterios:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [19]

Por lo que, al tener discreción judicial, este foro apelativo tiene la reserva para expedir o denegar el auto; bajo el siguiente crisol:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[20]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[21]

---

[18] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[19] *Id.*
[20] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[21] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

**-III-**

En síntesis, el *Sr. William García Sánchez* nos señala que el TPI erró al someter al peticionario a una deposición presencial sin emitir una orden protectora en favor de éste.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* y la moción en auxilio de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones